**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 06-3011M |
| ) | |
| Gabriel Melendrez-Renteria, ) | O R D E R |
| aka: Gabriel Melendez, ) | |
| ) | |
| Defendant. ) | |

    Having considered the motion of the defendant to allow the Government additional time under the Speedy Trial Act to file an indictment, together with the Government's response to that motion, the Court finds that the ends of justice served by granting the extension outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

    In making this finding, the Court has considered each of the factors specified in 18 U.S.C. § 3161(h)(8)(B).  In addition, the Court has considered the following:

    1.   Counsel has only recently been appointed for the defendant.

    2.   The Government's policy, which is well known to the Court through proceedings in previous cases involving numerous defendants, provides a sentencing incentive to encourage early pleas of guilty in cases brought pursuant to 8 U.S.C. § 1326.

1       3.  The savings in time by expediting the proceedings in
2  appropriate cases serves the public interest by reducing the costs
3  of detention, prosecution and defense as well as in bringing such
4  charges to a prompt resolution.
5       4.  The avoidance of grand jury proceedings with the
6  voluntary consent of a defendant, when appropriate, reduces the
7  number of proceedings required to bring a criminal matter to a
8  prompt resolution.
9       5.  An early decision by a defendant to reach a plea
10 agreement with the Government often avoids the need to present the
11 matter to a grand jury.
12      6.  In order to allow the defendant's attorney an opportunity
13 to investigate possible defenses to a charge in a criminal
14 complaint and to adequately counsel the defendant, additional time
15 is often needed for the filing of an indictment or information
16 beyond the thirty (30) day period provided in the Speedy Trial
17 Act.  The Government's standard offer requires the defendant to
18 waive his right to grand jury proceedings and agree to proceed by
19 the filing of an information.  If the defendant does not agree to
20 this procedure within the time allowed by statute, the Government
21 would withdraw the plea offer.
22      7.  Disposition of immigration cases through the pre-
23 indictment plea offer results in an expeditious resolution of the
24 case.  Granting a thirty (30) day continuance allows defense
25 counsel time to assure that the plea offer is in the defendant's
26 best interest.
27      The Court therefore concludes that the ends of justice are

1 best served by granting an extension of time to present the case
2 to the grand jury and in excluding a period of thirty (30) days
3 under the Speedy Trial Act.  In making this determination, the
4 Court has particularly taken into account that the failure to
5 grant the defendant's request "would deny counsel for the
6 defendant. . .the reasonable time necessary for effective
7 preparation, taking into account the exercise of due diligence."
8 18 U.S.C. § 3161(h)(8)(B)(iv).

**IT IS ORDERED** granting defendant's Motion to Extend Time to Indict.

**IT IS FURTHER ORDERED** that excludable time shall begin to run on the 31st day after arrest for a period of thirty (30) days in which the Government may present the case to the grand jury.

DATED this 24th day of January, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge